Hon. Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| FREEDOM FOUNDATION, a Washington State Nonprofit Corporation, | ) ) ) | Civil Action No. 3:18-cv-05548-RBL |
| Plaintiff, | ) ) | |
| v. | ) ) | **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| WASHINGTON DEPARTMENT OF ECOLOGY, a Washington State Agency; SANDI STEWART, in her official capacity as Director of Human Resources for the Washington Department of Ecology, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Freedom Foundation hereby files this Complaint against Defendant and alleges as follows:

## INTRODUCTION

1.     This civil rights action seeks to vindicate Freedom Foundation's freedom of speech guaranteed by the First Amendment to the United States Constitution. The Washington Department of Ecology violated that right in December 2017 by prohibiting Freedom Foundation from handing out leaflets in the Department's public lobby because Ecology disapproved Freedom Foundation's message. The Department continues to violate those rights by maintaining an on-

*FIRST AMENDED COMPLAINT - 1*

*Pacific Legal Foundation*
*255 S. King Street, Suite 800*
*Seattle, Washington 98104*
*(916)419-7111*

going policy that excludes Freedom Foundation canvassers from the public areas in Department

headquarters while allowing advocacy and expression from other outside organizations.

## JURISDICTION AND VENUE

2.     This case is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and

2202.

3.     This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1343(a)(3)

and  (4).

4.     Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b) and intradistrict

assignment to the Tacoma federal district court is proper under LCR 3(e)(1) because all relevant

events occurred in Thurston County, Washington.

## PARTIES

5.     The Freedom Foundation is a 501(c)(3) nonprofit organization with offices in Washington,

Oregon, and California.

6.     The Washington Department of Ecology is a Washington State agency headquartered in

Lacey, Washington. Sandi Stewart is the human resources director for the Washington Department

of Ecology.

## FACTUAL BACKGROUND

7.     Freedom Foundation was founded in 1991 as the Evergreen Freedom Foundation. Its

mission is to advance individual liberty, free enterprise, and limited, accountable government. Its

work includes public advocacy, research, canvassing, and litigation.

8.     The  clash  between  constitutional  rights  and  compulsory  unionization  is  Freedom

Foundation's highest priority.

9.     Freedom Foundation employs canvassers who seek to inform public-sector workers of their

right to opt out of the political portion of union dues. These canvassers visit government offices

and other locations throughout the year as part of various information campaigns.

*Pacific Legal Foundation*
*255 S. King Street, Suite 800*
*Seattle, Washington 98104*
*(916)419-7111*

10.    As part of Freedom Foundation's canvassing activities, Freedom Foundation has sent one to two canvassers dressed in Santa costumes to state agency buildings during the month of December, beginning in 2015.

11.    Freedom Foundation canvassers have met with occasional resistance from the public-sector union and government officers while performing these activities.

12.    In December 2015, canvassers visited the Department of Ecology, the Department of Enterprise Services, the Department of Natural Resources, the Department of Labor & Industries, and Washington's Lottery.

13.    Canvassers in 2015 met with resistance at the Department of Ecology, the Department of Natural Resources, and the Department of Enterprise Services.

14.    On December 15, 2015, two Freedom Foundation canvassers entered the lobby of the Department of Enterprise Services. The building manager told them that they had to leave. The Freedom Foundation staff stated they believed they had a right to hand out information in the public areas of the building. The building manager then called 911. An Olympia police officer and a State Patrol officer soon arrived, and the officers confirmed that the Freedom Foundation employee could leaflet inside the building.

15.    Around the same time, a Freedom Foundation canvasser dressed as Santa Claus visited the Department of Natural Resources. He was asked to leave the cafeteria, but he declined to leave the building entirely. Washington State Patrol officers once again arrived and agreed that Santa could stay and leaflet.

16.    Around the same time, a Freedom Foundation canvasser in holiday attire also visited the Department of Ecology. The front desk informed Santa that he could distribute his handouts in the lobby, and a security guard told him that he could enjoy access to the whole building if he signed in. After learning that Santa would be handing out information contrary to the union's interests, however, the security guard escorted Santa from the building, stating: "We have a good relationship with our union and they don't want you here."

*FIRST AMENDED COMPLAINT* - 3

*Pacific Legal Foundation*
*255 S. King Street, Suite 800*
*Seattle, Washington 98104*
*(916)419-7111*

17.    The Freedom Foundation Santa contacted the Foundation's staff attorneys, who drove to the Department. After the Freedom Foundation attorneys spoke with the security guard, the guard allowed Santa to enter the lobby and other areas accessible to the public to leaflet, and Ecology employees invited him to join a lunch party, where he explained the right to opt out.

18.    The Freedom Foundation's 2015 holiday canvassing at the Department of Labor & Industries and Washington's Lottery occurred outside, although the Department of Labor & Industries informed Freedom Foundation that they could leaflet inside if they wished.

19.    In 2016, the Freedom Foundation continued the holiday canvassing tradition in Oregon, but not in Washington.

20.    In 2017, Freedom Foundation again engaged in holiday canvassing in Washington. One or two Freedom Foundation employees, dressed in holiday costumes, visited the Department of Ecology, the Department of Transportation, the Parks and Recreation Commission, and the Social and Health Services Department, among other locations in Olympia.

21.    About a week prior to Freedom Foundation's visit to Ecology, on November 30, 2017, the Washington Federation of State Employees (WFSE) held an event in the Ecology lobby area from 10:00 a.m. to 2:00 p.m. An email sent earlier that morning from the union (Exhibit 1) described the event:

> We need to talk with you about about impending National Right to Work for all public employees, what it means for our future, and how we can fight back to protect working people through our 100% union campaign. 100% union members will be entered into a drawing to win 1 of 3 $25 gift cards.

> We are also launching a campaign at Ecology to address pay inequity for Environmental Specialists. According to the last salary survey, Environmental Specialists are paid more than 27% below market rate. We have a petition that we need your support on that asks ECY management to address this pay inequity in the next round of bargaining in order to ensure the stability and integrity of Ecology's mission. We will also be using these petitions to make a collective bargaining proposal to our union's negotiations team.

22.    In addition to the November 30 union meeting, Freedom Foundation learned that someone had posted pictures in Ecology's lobby displaying portrait-style photos of several individuals

*FIRST AMENDED COMPLAINT - 4*

above a caption stating, "These people want to know your birthday" and "right to work." Upon information and belief, the pictured individuals were Freedom Foundation employees.

23.     Around the same time as the union's lobby event, Freedom Foundation scheduled holiday canvassing for early December and notified the Washington State Patrol of their canvassing plans. Freedom Foundation canvassers also spoke with security or human resources at each location prior to canvassing.

24.     On December 1, 2017, Freedom Foundation employee Matthew Hayward requested an appointment to meet with the head of human resources, Sandi Stewart. On December 7, Mr. Hayward held a scheduled meeting over the phone with Ms. Stewart.

25.     At the meeting, Ms. Stewart informed Mr. Hayward that Ecology would not allow Freedom Foundation to leaflet anywhere in the building. Ms. Stewart referenced policies that allegedly would not permit Freedom Foundation's use of the lobby for leafletting, although she did not provide a citation to such policies or describe them in detail. Mr. Hayward asked Ms. Stewart to provide him with a copy of the policy that allegedly forbade Freedom Foundation's leafletting activity in the public areas of the building.

26.     The following day, Ms. Stewart sent an email referencing "Policy 14-10" as the primary authority that forbade Freedom Foundation's planned activity. She attached a PDF copy of the policy.

27.     "Administrative Policy 14-10" is part of chapter 14, "Facilities and Vehicles," in a Department of Ecology manual (Exhibit 2). The policy's purpose is "to establish standards for using Ecology facilities that will accomplish the following:

- Ensure outside agencies/visitors are treated fairly and consistently when visiting Ecology facilities.
- Ensure parking is managed so building occupants and clients have adequate parking space.
- Ensure facilities are properly secured during meetings and events occurring on-site.
- Ensure compliance with Ecology Policy 15-01, Prohibiting Private Use of State Resources."

*FIRST AMENDED COMPLAINT - 5*

The policy applies when anyone requests use of Ecology owned or leased facilities.

28.     Subsection 2 of 14-10 has a heading that states, "Visitors May Not Use Ecology Facilities to Promote or Conduct Commercial Enterprise." The rule goes on to say, "Visitors also may not use Ecology facilities to promote or solicit for an outside organization or group. The only exceptions are public hearings or meetings held according to this policy, or activities approved as a charitable activity according to Policy 15-01." Policy 15-01 says a charitable activity must be authorized by the Director of Ecology.

29.     Ms. Stewart did not explain how this rule 14-10 prohibited Freedom Foundation from passing out leaflets that did not promote Freedom Foundation or contain any reference to the Foundation.

30.     A Freedom Foundation canvasser visited the Ecology headquarters on the morning of December 14, 2017, and handed out leaflets outside the building. Later that afternoon, a canvasser visited with a Freedom Foundation attorney.

31.     The canvasser was dressed in a Santa costume and she held a green and red poster (Exhibit 3). The top half of the poster contained a phrase in large font: "WFSE has been naughty." In the lower half, also in large font, a web address was displayed: OptOutToday.com.

32.     Additionally, the canvasser carried candy canes and copies of a leaflet to hand out to passersby. The leaflet, bordered in red, was a small paper with a stylized title that said "Santa's List" (Exhibit 4). The heading below the title stated, "Naughty Union Facts." In smaller font, the leaflet went on as follows:

> WFSE has long claimed it doesn't spend members' dues on politics, but a recent investigation by the state Public Disclosure Commission proved this is simply false. The union's attorney admitted it operates a "separate segregated fund" (SSF) to make political contributions, explaining, "WFSE's SSF is managed, operated, funded and directed entirely by WFSE itself. Greg Devereux, WFSE's Executive Director, makes all final approvals of monies provided to and spent from the SFF…" WFSE's SSF made $975,000 in political contributions last year alone. Every penny came from state employees' dues. No matter your political views, state workers shouldn't have their dues used for Greg Devereux's political agenda without their knowledge and permission. Thankfully, your ability to avoid supporting WFSE's political expenditures is constitutionally protected.

*Pacific Legal Foundation*
*255 S. King Street, Suite 800*
*Seattle, Washington 98104*
*(916)419-7111*

The leaflet's footer said: "To learn more about your rights, visit *OptOutToday.com/WFSE*."

33.     The canvasser and attorney were granted access to the building, and the canvasser began handing out the "Santa's List" leaflet in the lobby.

34.     The Department of Ecology's lobby area has glass walls on two sides with some seating in the middle. A sign-in desk sits at one end of the lobby with hallways leading further into the building at the opposite end. The lobby is in the middle of the building with office towers on either side. People frequently pass through the lobby or mill about in the open space.

35.     Within a few minutes, Ms. Stewart, accompanied by security guards, arrived and reiterated that Freedom Foundation would not be allowed to hand out leaflets in the lobby or any other portion of the building. She again referred to an alleged agency policy, stating that organizations cannot promote themselves on state property.

36.     The Foundation attorney responded that Freedom Foundation was not promoting its organization but instead engaging in an information campaign. Ms. Stewart again insisted that the Freedom Foundation would have to leave based on the advice of state attorneys.

37.     The Freedom Foundation attorney then noted that Ecology had allowed the union to use the lobby just two weeks prior for a membership drive. Ms. Stewart responded that the union had a privileged right to use the lobby for expressive activity because it is the exclusive bargaining representative of the employees. Ms. Stewart claimed that the union was therefore not an "outside organization."

38.     The Freedom Foundation attorney asked what policy allowed the union's privileged use of public property for expressive activity. Ms. Stewart responded that the Collective Bargaining Agreement granted them the privilege. Ms. Stewart could not, however, cite to a particular portion of the Collective Bargaining Agreement (CBA).

39.     Although Ms. Stewart did not reference any portion of the CBA, the CBA does contain some language relating to union use of and access to public property. Article 39.1(B)(2) of the CBA says union representatives, with notice, can access offices and facilities in accordance with agency policy to perform "representational activities." Article 39.3(A) of the CBA says that "[t]he

*Pacific Legal Foundation*
*255 S. King Street, Suite 800*
*Seattle, Washington 98104*
*(916)419-7111*

Employer's offices and facilities may be used by the Union to hold meetings, subject to the agency's policy, availability of the space and with prior authorization."

40.     The CBA contains no language forbidding other organizations or advocacy groups from use of public property for expressive activities.

41.     Nonetheless, Ms. Stewart remained firm that agency policy disallowed Freedom Foundation from canvassing in the lobby. The Freedom Foundation staff departed.

42.     After the event, Ms. Stewart sent an email to several attorneys at the state attorney general's office and several Ecology officials to recount the event. Ecology officials also discussed the event at a subsequent meeting.

43.     Later, Freedom Foundation attorneys contacted the state attorney general's office regarding the incident. The assistant attorney general informed Freedom Foundation that Ecology remained firm in its position that Freedom Foundation would not be allowed to canvass in the lobby.

CLAIM FOR RELIEF

44.     Freedom Foundation incorporates the allegations in prior paragraphs.

45.     The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, forbids governments from restraining speech in public fora in order to suppress a viewpoint or without good cause.

46.     Ecology has an on-going policy and practice of excluding Freedom Foundation from handing out leaflets in the public lobby of the Department's headquarters. It enforced this policy directly against Freedom Foundation in December 2017. Ecology thus maintains and actively enforces a policy under color of state law that deprives Freedom Foundation of its right to free speech, in violation of the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment and 42 U.S.C. § 1983.

47.     Freedom Foundation has no adequate remedy at law to compensate for the loss of this fundamental freedom and will suffer irreparable injury absent an injunction restraining Ecology from enforcing its discriminatory exclusion policy.

*Pacific Legal Foundation*
*255 S. King Street, Suite 800*
*Seattle, Washington 98104*
*(916)419-7111*

48.      Freedom Foundation is therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Ecology's unconstitutional policies and practices. *See* 28 U.S.C. §§ 2201, 2202.

## PRAYER FOR RELIEF

Wherefore, Freedom Foundation respectfully requests that this Court enter judgment in its favor as follows:

A.   Declare that Ecology's practice and policy of forbidding Freedom Foundation from expressing its views in a nondisruptive manner on public property violates the First Amendment;

B.   Permanently enjoin Ecology, its officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing this policy;

C.   Award Freedom Foundation its costs, attorneys' fees, and other expenses in accordance with law, including 42 U.S.C. § 1988; and

D.   Order such additional relief as may be just and proper.

DATED: May 13, 2019.                    Respectfully submitted,

By: s/  BRIAN T. HODGES
By: s/  ETHAN W. BLEVINS
Brian T. Hodges, WSBA # 31976
Ethan W. Blevins, WSBA # 48219
Pacific Legal Foundation
255 S. King Street, Suite 800
Seattle, Washington 98104
Telephone: (916) 419-7111
Fax: (916) 419-7747
Email: BHodges@pacificlegal.org
Email: EBlevins@pacificlegal.org

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2019, I served the foregoing on the following persons by the means indicated:

| | |
|---|---|
| Emily C. Nelson, Assistant AG<br>Attorney General of Washington<br>Ecology Division<br>P.O. Box 40117<br>Olympia WA 98504-0117<br>Emily.nelson@atg.wa.gov<br>ECYOLYEF@atg.wa.gov | ☒ Email<br>☐ U.S. First Class<br>☐ Legal Messenger<br>☒ E-Service/ECF<br>☐ Other |
| Elizabeth Delay Brown, Assistant AG<br>Attorney General of Washington<br>Ecology Division<br>P.O. Box 40117<br>Olympia WA 98504-0117<br>elizabeb@atg.wa.gov | ☒ Email<br>☐ U.S. First Class<br>☐ Legal Messenger<br>☒ E-Service/ECF<br>☐ Other |

s/  ETHAN W. BLEVINS
Ethan W. Blevins, WSBA # 48219

Attorney for Plaintiff

*FIRST AMENDED COMPLAINT* - 10